LAWRENCE M. GUSLANI ESQ. (SBN 104488)
HAYES DAVIS BONINO ELLINGSON &
McLAY & SCOTT, LLP
203 Redwood Shores Parkway, Suite 480
Redwood City, CA 94065
Telephone: (650) 637-9100
Facsimile: (650) 637-8071

Attorneys for Plaintiff
STATE FARM FIRE AND CASUALTY
COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DARYL GRESS, CARLA GRESS, CINDY BISHOP<br><br>Defendants. | Case No. 07 6451<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiff State Farm Fire and Casualty Company complains of Defendants, and each of them, as follows:

## I.
## JURISDICTION

1. At all times mentioned in this Complaint, plaintiff State Farm Fire and Casualty Company was a corporation incorporated under the laws of the State of Illinois with its principal place of business in the State of Illinois, and is a citizen of the State of Illinois.

2. Defendants Daryl Gress and Carla Gress are residents of the State of Virginia and are citizens of the State of Virginia.

3. At all times mentioned herein, Defendant Cindy Bishop was a resident of the State of California and is a citizen of the State of California.

4.     The amount in dispute between the parties on each of the causes of action exceeds the sum of Seventy Five Thousand Dollars ($75,000), exclusive of interest and cost.

## II.
## FACTUAL BACKGROUND

5.     In or about July 2002, Defendant Cindy Bishop entered into a written contract with Daryl Gress and Carla Gress for the purchase of property located at 49 Los Pinos Road in Nicasio, California. The final contract price for the sale of the property was $1.1 million. Escrow closed on the sale of the property on September 23, 2002. Cindy Bishop moved into the property sometime in October 2002.

6.     Defendant Cindy Bishop alleges there were a number of defects in the property which existed at the time of the sale of the property which were not disclosed by Daryl Gress or Carla Gress. These alleged defects included high moisture levels within the property and various building materials; water leaks from the water supply line for the water softener in the laundry room; water leaks from toilets and other plumbing; arsenic, copper, asbestos and lead located at the property; water leaks from kitchen sink and surrounding areas; drainage and grading problems around the property causing the accumulation of water in the crawl space; blocked and inadequate roof gutters; problems with the wall and water supply; drinking water that was frequently contaminated and unpotable with inadequate water filtration and treatment; water leaks around numerous windows and doors; the presence of lead, asbestos and other environmental hazards; and the presence of harmful toxic mold on building materials and wall cavities within the property and the crawlspace of the property. Cindy Bishop alleges that Daryl Gress and Carla Gress were aware, suspected or should have been aware of the above-referenced defects and problems and others within the property, but despite knowledge of such problems, intentionally and negligently failed to disclose those

1 problems to Cindy Bishop prior to the execution of the sales contract and thereafter.

2. 7. As a result of the alleged defects, Cindy Bishop filed a lawsuit on August 1, 2005 in Marin County Superior Court, against, amongst others, Daryl Gress and Carla Gress. (Action No. CIV 053554).

8. Daryl Gress and Carla Gress have requested that State Farm Fire and Casualty Company provide a defense to them from the action filed by Cindy Bishop. State Farm Fire and Casualty Company is currently providing Daryl Gress and Carla Gress with a defense from the action filed by Cindy Bishop. Such defense is being provided pursuant to a full reservation of rights.

9. State Farm Fire and Casualty Company contends it has no duty to defend or indemnify Daryl Gress or Carla Gress from the action filed against them by Cindy Bishop under either Homeowners Policy No. 46-J9-0903-5 or under Personal Liability Umbrella Policy No. 46-J9-8247-1.

### III.
### THE POLICIES

10. State Farm Fire and Casualty Company issued Homeowners Policy No. 46-J9-0903-5 to Daryl Gress and Carla Gress for their property located at 4940 Locksview Road in Lynchburg, Virginia. That policy was issued in the State of Virginia and was in effect from August 1, 2002 to August 1, 2003.

11. Homeowners Policy No. 06-J9-0903-5 issued to Daryl Gress and Carla Gress contains the following coverage promise:

> "If a claim is made or a suit is brought against the **insured** for damages because of **bodily injury** or **property damage** to which this insurance applies, caused by an **occurrence**, we will:
>
> 1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and

///

      2.    provide a defense at our expense by counsel of our choice…"

12. Homeowners Policy 46-J9-0903-5 issued to Daryl Gress and Carla Gress defines "bodily injury" as "physical injury, sickness, or disease to a person". The policy defines "property damage" as "physical injury to destruction of tangible property, including loss of use of this property. Theft or conversion of property by any **insured** is not **property damage**". The policy defines "occurrence" as follows:

> "8. **"occurrence,"** when used in Section II of this policy means an accident, including exposure to conditions which results in:
>
>     a.    **bodily injury**; or
>
>     b.    **property damage**;
>
> during the policy period. Repeated or continuous exposure to the same general conditions, is considered to be one **occurrence**."

13. Homeowners Policy No. 46-J9-0903-5 issued to Daryl Gress and Carla Gress contains the following relevant exclusions:

> "1.    Coverage L and Coverage M do not apply to:
>
>     a.    **bodily injury** or **property damage** which is either expected or intended by the **insured**;
>
>     …
>
>     d.    **bodily injury** or **property damage** arising out of any premises currently owned or rented to any **insured** which is not an **insured location**…
>
> …

///

///

>    2.   Coverage L does not apply to:
>
>         a.   liability assumed under any unwritten contract or agreement, or by contract or agreement in connection with a **business** of the **insured**;
>
>         b.   **property damage** to property currently by an **insured**."

14. The Conditions of Homeowners Policy No. 46-J9-0903-5 issued to Daryl Gress and Carla Gress state that the policy "applies only to…**bodily injury** or **property damage** under Section II which occurs during the period this policy is in effect."

15. State Farm Fire and Casualty Company also issued Personal Liability Umbrella Policy No. 46-J9-8247-1 to Daryl Gress and Carla Gress. This policy was issued in the State of Virginia and was effective from August 2, 2002 to August 2, 2003.

16. Personal Liability Umbrella Policy No. 46-J9-8247-1 issued to Daryl Gress and Carla Gress contains the following coverage promise:

>    1.   **Coverage L – Personal Liability**. If you are legally obligated to pay damages for a **loss**, we will pay your **net loss** minus the **retained limit**. Our payment will not exceed the amount shown in the **Declarations** as Policy Limits – Coverage L – Personal Liability.
>
>    2.   **Defense and Settlement**.
>
>    …
>
>         b.   When a claim or suit is covered by this policy, but not covered by any other policy available to you:
>
>              (1)   we will defend the suit against you."

17. Personal Liability Umbrella Policy No. 46-J9-8247-1 issued to Daryl Gress and Carla Gress, together with Endorsement FE-7721 contains the following relevant definitions:

> "6. "**loss**" means:
>
>      a.    an accident, including injurious exposure to conditions, which results in **bodily injury** or **property damage** during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **loss**; or
>
>      b.    the commission of an offense, or series of similar or related offenses, which result in **personal injury** during the policy period.
>
> ...
>
> 8.    "**net loss**" means:
>
>      a.    The amount you are legally obligated to pay as damages for **bodily injury, personal injury** or **property damage**;..."
>
> ...
>
> "**bodily injury** means physical injury, sickness, disease, emotional distress or a mental injury to a person. This includes required care, loss of services and death resulting therefrom.
>
> **Bodily injury** does not include:
>
>      a.    any of the following which are communicable: disease, bacteria, parasite, virus, or other organism, any of which are transmitted by any **insured** to any other person; or

///

      b.    the exposure to such disease, bacteria, parasite, virus, or other organism by any **insured** to any other person."

   9.    "**personal injury**" means an injury caused by one or more of the following offenses:

      a.    false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution;

      b.    libel, slander, defamation of character or invasion of rights of privacy."

18.    Personal Liability Umbrella Policy No. 46-J9-8247-1 issued to Daryl Gress and Carla Gress contains the following relevant exclusions:

"We will not provide insurance:

...

   2.    for **bodily injury** or **property damage**:

      a.    which is either expected or intended by you;

      b.    to any person or property which is the result of your willful and malicious act, no matter at whom the act was directed.

   3.    for **property damage** to:

      a.    your own property."

19.    Personal Liability Umbrella Policy No. 46-J9-8247-1 also excludes coverage for loss caused by pollution to land, water, or air unless it is sudden and accidental. (Exclusion 9).

///

///

20. The Conditions of Personal Liability Umbrella Policy No. 46-J9-8247-1 issued to Daryl Gress and Carla Gress states that the policy applies only to loss which occurs during the period this policy was in effect.

## IV.
## FIRST CLAIM

### (Declaratory Relief - Duty To Defend: Homeowners Policy)

21. Plaintiff State Farm Fire and Casualty Company refers to paragraphs 1 through 20 inclusive, and incorporates them by reference as so fully set forth herein.

22. State Farm Fire and Casualty Company has no duty to defend or indemnify Daryl Gress or Carla Gress under Homeowners Policy No. 46-J9-0903-5 with respect to the claims brought against them by Cindy Bishop arising out of the sale of the property located at 49 Los Pinos Road in Nicasio, California. The claims brought by Cindy Bishop do not constitute claims for "bodily injury" or "property damage" as those terms are defined by Homeowners Policy No. 46-J9-0903-5. The claims of Cindy Bishop are not the result of an "occurrence" as required by Homeowners Policy No. 46-J9-0903-5. Furthermore, the claims of Cindy Bishop against Daryl Gress and Carla Gress are excluded by the above-referenced exclusions contained in Homeowners Policy No. 46-J9-0903-5.

23. An actual controversy has arisen between plaintiff and defendants herein, and each of them, concerning their respective rights and duties under the Homeowners Policy issued by State Farm Fire and Casualty Company as follows:

   a. State Farm Fire and Casualty Company contends it has no duty to defend Daryl Gress or Carla Gress from any and all legal consequences of the action brought against them by Cindy Bishop (Marin County Superior Court Action No. CIV 053554).

   b. Defendants, and each of them, contend State Farm Fire and Casualty Company has a duty to defend

150911                                    -8-
COMPLAINT FOR DECLARATORY RELIEF

Daryl Gress and Carla Gress from the action brought against them by Cindy Bishop (Marin County Superior Court Action No. CIV 053554).

**WHEREFORE**, Plaintiff State Farm Fire and Casualty Company prays for judgment against defendants, and each of them, as follows:

1. For a declaration that State Farm Fire and Casualty Company has no duty to defend Daryl Gress or Carla Gress under Homeowners Policy No. 46-J9-0903-5 from the action brought against them by Cindy Bishop (Marin County Superior Court Action No. CIV 053554);

2. For costs and attorneys fees against Daryl Gress and Carla Gress expended by State Farm Fire and Casualty Company in the defense of the action brought by Cindy Bishop (Marin County Superior Court Action No. CIV 053554); and

3. For such other relief as the Court may deem meet and proper in the premises.

## V.
## SECOND CLAIM

### (Declaratory Relief - Duty To Indemnify: Homeowners Policy)

24. Plaintiff State Farm Fire and Casualty Company refers to paragraphs 1 through 23 inclusive, and incorporates them by reference as so fully set forth herein.

25. State Farm Fire and Casualty Company has no duty to indemnify Daryl Gress or Carla Gress under Homeowners Policy No. 46-J9-0903-5 with respect to the claims brought against them by Cindy Bishop arising out of the sale of the property located at 49 Los Pinos Road in Nicasio, California. The claims brought by Cindy Bishop do not constitute claims for "bodily injury" or "property damage" as those terms are defined by Homeowners Policy No. 46-J9-0903-5. The claims of Cindy Bishop are not the result of an "occurrence" as required by Homeowners Policy No. 46-J9-0903-5. Furthermore, the claims of Cindy Bishop

against Daryl Gress and Carla Gress are excluded by the above-referenced exclusions contained in Homeowners Policy No. 46-J9-0903-5.

26. An actual controversy has arisen between plaintiff and defendants herein, and each of them, concerning their respective rights and duties under the Homeowners Policy issued by State Farm Fire and Casualty Company as follows:

    a.    State Farm Fire and Casualty Company contends it has no duty to indemnify Daryl Gress or Carla Gress from any and all legal consequences of the action brought against them by Cindy Bishop (Marin County Superior Court Action No. CIV 053554).

    b.    Defendants, and each of them, contend State Farm Fire and Casualty Company has a duty to indemnify Daryl Gress and Carla Gress from the action brought against them by Cindy Bishop (Marin County Superior Court Action No. CIV 053554).

**WHEREFORE**, Plaintiff State Farm Fire and Casualty Company prays for judgment against defendants, and each of them, as follows:

1. For a declaration that State Farm Fire and Casualty Company has no duty to indemnify Daryl Gress or Carla Gress under Homeowners Policy No. 46-J9-0903-5 from the action brought against them by Cindy Bishop (Marin County Superior Court Action No. CIV 053554);

2. For such other relief as the Court may deem meet and proper in the premises.

## VI.
## THIRD CLAIM

**(Declaratory Relief - Duty To Defend: Personal Liability Umbrella Policy)**

27. Plaintiff State Farm Fire and Casualty Company refers to paragraphs 1 through 26 inclusive, and incorporates them by reference as so fully set forth herein.

28. State Farm Fire and Casualty Company has no duty to defend or indemnify Daryl Gress or Carla Gress under Personal Liability Umbrella Policy No. 46-J9-8247-1 with respect to the claims brought against them by Cindy Bishop arising out of the sale of the property located at 49 Los Pinos Road in Nicasio, California. The claims brought by Cindy Bishop do not constitute claims for "bodily injury" or "property damage" or "personal injury" as those terms are defined by Personal Liability Umbrella Policy No. 46-J9-8247-1. The claims of Cindy Bishop are not the result of an "loss" as required by Personal Liability Umbrella Policy No. 46-J9-8247-1. Furthermore, the claims of Cindy Bishop against Daryl Gress and Carla Gress are excluded by the above-referenced exclusions contained in Personal Liability Umbrella Policy No. 46-J9-8247-1.

29. An actual controversy has arisen between plaintiff and defendants herein, and each of them, concerning their respective rights and duties under the Personal Liability Umbrella Policy issued by State Farm Fire and Casualty Company as well as:

   a. State Farm Fire and Casualty Company contends it has no duty to defend Daryl Gress or Carla Gress from any and all legal consequences of the action brought against them by Cindy Bishop (Marin County Superior Court Action No. CIV 053554).

   b. Defendants, and each of them, contend State Farm Fire and Casualty Company has a duty to defend Daryl Gress and Carla Gress from the action brought against them by Cindy Bishop (Marin County Superior Court Action No. CIV 053554).

**WHEREFORE**, Plaintiff State Farm Fire and Casualty Company prays for judgment against defendants, and each of them, as follows:

1. For a declaration that State Farm Fire and Casualty Company has no duty to defend Daryl Gress or Carla Gress under Personal Liability Umbrella

Policy No. 46-J9-8247-1 from the action brought against them by Cindy Bishop (Marin County Superior Court Action No. CIV 053554);

2.   For costs and attorneys fees against Daryl Gress and Carla Gress expended by State Farm Fire and Casualty Company in the defense of the action field by Cindy Bishop (Marin County Superior Court Action No. CIV 053554); and

3.   For such other relief as the Court may deem meet and proper in the premises.

## VII.
## FOURTH CLAIM

**(Declaratory Relief - Duty To Indemnify: Personal Liability Umbrella Policy)**

30.   Plaintiff State Farm Fire and Casualty Company refers to paragraphs 1 through 29 inclusive, and incorporates them by reference as so fully set forth herein.

31.   State Farm Fire and Casualty Company has no duty to indemnify Daryl Gress or Carla Gress under Personal Liability Umbrella Policy No. 46-J9-8247-1 with respect to the claims brought against them by Cindy Bishop arising out of the sale of the property located at 49 Los Pinos Road in Nicasio, California. The claims brought by Cindy Bishop do not constitute claims for "bodily injury" or "property damage" as those terms are defined by Personal Liability Umbrella Policy No. 46-J9-8247-1. The claims of Cindy Bishop are not the result of an "occurrence" as required by Personal Liability Umbrella Policy No. 46-J9-8247-1. Furthermore, the claims of Cindy Bishop against Daryl Gress and Carla Gress are excluded by the above-referenced exclusions contained in Personal Liability Umbrella Policy No. 46-J9-8247-1.

32.   An actual controversy has arisen between plaintiff and defendants herein, and each of them, concerning their respective rights and duties under the Personal Liability Umbrella Policy issued by State Farm Fire and Casualty Company as well as:

a. State Farm Fire and Casualty Company contends it has no duty to indemnify Daryl Gress or Carla Gress from any and all legal consequences of the action brought against them by Cindy Bishop (Marin County Superior Court Action No. CIV 053554).

b. Defendants, and each of them, contend State Farm Fire and Casualty Company has a duty to indemnify Daryl Gress and Carla Gress from the action brought against them by Cindy Bishop (Marin County Superior Court Action No. CIV 053554).

**WHEREFORE**, Plaintiff State Farm Fire and Casualty Company prays for judgment against defendants, and each of them, as follows:

1. For a declaration that State Farm Fire and Casualty Company has no duty to indemnify Daryl Gress or Carla Gress under Personal Liability Umbrella Policy No. 46-J9-8247-1 from the action brought against them by Cindy Bishop (Marin County Superior Court Action No. CIV 053554);

2. For such other relief as the Court may deem meet and proper in the premises.

Dated: December 21, 2007

HAYES DAVIS BONINO ELLINGSON MCLAY & SCOTT, LLP

By: _____
LAWRENCE M. GUSLANI
Attorneys for Plaintiff
STATE FARM FIRE AND
CASUALTY COMPANY